

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

*overrules M-957*
*where conflicts*

February 26, 1975

The Honorable Charles R. Barden, P.E.         Opinion No. H- 539
Executive Director
Texas Air Control Board                       Re: Confidentiality of emis-
8520 Shoal Creek Blvd.                         sions data supplied to the
Austin, Texas 78758                            Texas Air Control Board.

Dear Mr. Barden:

You have requested our opinion as to whether emissions data supplied to the Texas Air Control Board should be treated as confidential under any provision of the Texas Clean Air Act, article 4477-5, V.T.C.S., or the Open Records Act, article 6252-17a, V.T.C.S.

Section 1.07 of the Clean Air Act prohibits the disclosure by the Air Control Board of "[i]nformation submitted to the board relating to secret processes or methods of manufacture or production which is identified as confidential when submitted. . . ." In Attorney General Opinion M-957 (1971), this office not only upheld the Board's right to withhold disclosure of such "confidential information," but ruled that the Act <u>required</u> confidentiality whenever "interested parties" objected to the release of such information. The opinion declared "confidential information" as used in section 1.07 to be similar to a "trade secret." Trade secrets were likewise exempted from disclosure by the Open Records Act, article 6252-17a, section 3(a)(10). Other portions of M-957, which could be construed as permitting certain emissions data to be held confidentially by the Board, were overruled in Attorney General Opinion H-276 (1974).

We believe it is clear, however, that neither statute should be interpreted as embracing emissions data within the ambit of nondisclosable information. Section 2.13 of the Clean Air Act provides that "[a]ll information, documents and data" which are not excludable under section 1.07 are open to public inspection. Section 1 of the Open Records Act declares the

public policy of that Act to be that "all persons are, unless otherwise expressly provided by law, at all times entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees, " and that "to [this] end, the provisions of this Act shall be liberally construed. . . ."  In section 14, it is required that the statute "be liberally construed in favor of the granting of any request for information. "

On two previous occasions, we have ruled that the Open Records Act requires public access to particular information in the custody of the Texas Air Control Board.  In Attorney General Opinion H-241 (1974), a written recommendation by a regional supervisor of the Air Control Board to a permit engineer regarding whether a particular construction permit should be issued was deemed public information.  In Attorney General Opinion H-276 (1974), the names of persons complaining of emissions from a particular source, as well as their verbatim statements submitted to the Board, were held disclosable.

Although we believe that, on the basis of these prior opinions, emissions data is clearly public information, we are also guided by a recent decision of the United States Court of Appeals for the Fifth Circuit.  In Natural Resources Defense Council, Inc. v. Environmental Protection Agency,  489 F. 2d 390 (5th Cir. 1974), cert. granted, 95 S. Ct. 39 (hereinafter referred to as NRDC), the Court considered a challenge to the Environmental Protection Agency's approval of Georgia's "implementation plan" under the federal Clean Air Act, 42 U.S. C. §1857, et seq. A Georgia statute had prohibited the release of "any information" relating to "secret processes, devices, or methods of manufacture or production. " NRDC at  396.  The Court held that this prohibition contravened the federal Act's requirement that a state's implementation plan must provide for "periodic reports [by polluters] on the nature and amounts of . . . emissions" and that such reports must be "available . . . for public inspection. " Id, at 397.   The Court concluded that since the Georgia statute precluded the availability of such information, the Administrator could not lawfully approve this aspect of the state's implementation plan.  The Agency was consequently required to promulgate its own disclosure regulation to replace the inadequate state rule.

We therefore hold that emissions data supplied to the Texas Air Control Board may not be treated as confidential under any provision of the Texas Clean Air Act or the Open Records Act, and that the Board is required to disclose such information upon request. To the extent that Attorney General Opinion M-957 (1971) conflicts with this opinion, it is hereby overruled.

## SUMMARY

Emissions data supplied to the Texas Air Control Board is public information under article 4477-5, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg